## JONES v. WATERMAN.*

### Court of Appeal, Second District; August 17, 1906.

#### 87 Pac. 469.

Appeal—Conflicting Evidence.—A Finding of a Trial court based on conflicting evidence will not be disturbed on appeal where there is sufficient evidence in the record to support it.

Agency—Evidence of Authority.—In an Action to Recover an Agreed rent for certain reamers used by a well driller in drilling a well under contract with defendant, the memorandum of agreement between defendant and the driller, and evidence of the oral agreement between them, by which the driller agreed to furnish all tools necessary for the work, was admissible to show that no authority could be implied from the transaction by which the driller was authorized to obtain the reamers on defendant's credit.

Agency—Unauthorized Acts — Ratification.—Where defendant employed a well driller to drill a well on his ranch and to furnish all required tools, the fact that one of the defendant's employees paid the expressage on certain reamers hired by the driller from plaintiff for use in drilling the well, and agreed to pay $30 toward such hire, without defendant's knowledge, was insufficient to establish that the driller had authority to contract for the reamers on defendant's behalf.

---

*Rehearing denied October 11, 1906.

APPEAL from Superior Court, Santa Barbara County; J. W. Taggart, Judge.

Action by Fred W. Jones against Isaac G. Waterman. From a judgment for defendant, plaintiff appeals. Affirmed.

Wm. Griffith for appellant; Canfield & Starbuck and H. C. Booth for respondent.

ALLEN, J.—Action for money. Judgment for defendant, and a motion for new trial denied. Plaintiff appeals from the judgment and order.

The action was brought in the court below by plaintiff to recover a sum for the hire of two certain under-reamers, alleged to have been furnished by him to defendant for use in drilling a well. The complaint is based upon an express contract upon the part of defendant to pay for the reasonable value of such hire. The answer denies the contract and also the hire or the use by defendant of said tools. The court finds in favor of defendant upon all of the issues.

There is no evidence in the record tending to support the issue as to the express promise to pay for such hire, and were we to assume that under the issues evidence was admissible to show an implied agreement to pay therefor, the record discloses a conflict in such evidence, and that there is sufficient in the record to support each and every finding of the court below, and under the well-established rule such findings will not be disturbed.

There was no error in admitting in evidence the memorandum of agreement between defendant and the well driller, nor in admitting the oral agreement between the parties in reference to the driller's obligation to furnish all tools necessary in the prosecution of the work. It was competent as tending to show that no obligation rested upon defendant to furnish such tools, and that no authority could be implied from the transaction between defendant and the party who made the order. The order for such under-reamers was made by the driller, and he did not, in terms, represent that he was acting for defendant. He simply ordered the tools, and directed them to be shipped to defendant's ranch, where he was then employed, and defendant is not shown to have had any knowledge of such order, or to have acquiesced therein; and it was competent for him to show

that he gave no authority for the order, but, on the contrary, that the tools were to be furnished by the driller, and the driller's use thereof in no wise established any implied promise on defendant's part ·to pay for the ·hire.    The mere fact that one of defendant's employees paid the expressage, and had, without authority from defendant, agreed to pay $30 toward such hire, would not render defendant liable ·on account of such hire, he having no knowledge either of the payment of expressage nor of the arrangement between the driller and his employee.

We perceive no prejudicial error in the record, and the judgment and order are affirmed.

We concur: Gray, P. J.; Smith, J.